IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| BRYAN WILLIAMS, #1784621 | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 6:16cv040 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

Petitioner Bryan Williams, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice for lack of jurisdiction as a successive petition. (Dkt. # 14).

Mr. Williams has filed objections to the Report and Recommendations. He claims that his petition should be transferred to the Fifth Circuit Court of Appeals. His failure to obtain leave from the Fifth Circuit under Section 2244(b)(3) before filing this successive petition "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to file [it]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone*, 324 F.3d at 836; *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus, it is appropriate for the court to dismiss the successive habeas application without prejudice pending review by the Fifth

1

Circuit, but it is also appropriate to transfer the application to the Fifth Circuit for a determination of whether Mr. Williams should be allowed to file the successive application in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

The Court agrees with the Magistrate Judge's recommendation of dismissal without prejudice. This disposition is more efficient and would better serve the interest of justice than a transfer to the Fifth Circuit. Mr. Williams has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application will satisfy the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. §2244(b)(2), (b)(3) (C).

In his second and lengthier objection, Petitioner contends that his petition should be construed liberally, and that the Texas state courts never had jurisdiction of his case. *See* Petitioner's Objection at 1, 3. Petitioner states that the jurisdictional defects in his prosecution may be raised in a successive petition. *See id* at 7. This court, however, lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. Claims regarding jurisdiction of the trial court may not be considered unless a petitioner obtains permission from the Court of Appeals to file a second or successive petition. *See United States v. Jefferson*, 95 Fed.Appx. 544 (5th Cir. 2004)(not published).

The present case is successive. Petitioner makes no showing that he has received permission

from the Fifth Circuit to file a successive application for the writ of habeas corpus, and the Fifth Circuit's records fail to show that Petitioner has received such permission. Until Petitioner obtains leave to file a successive petition, the district court lacks jurisdiction to consider his claims. *See Crone,* 324 F.3d at 836. For this reason, his petition should be dismissed until leave to file a successive petition is granted by the Fifth Circuit.

Having considered and overruled Mr. Williams' objections, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that the Report and Recommendation (dkt # 14) is **ADOPTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice for lack of subject matter jurisdiction. It is further **ORDERED** that a certificate of appealability is **DENIED**. It is further **ORDERED** that the Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by the Mr. Williams regarding his conviction unless he shows that he has received permission from the Fifth Circuit to file it. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **6** day of **December, 2016.**

———————————————————
Ron Clark, United States District Judge